

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00291-CR
No. 02-23-00292-CR

_____

ERIN ANTONIO HOFFMAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1729555, 1729556

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

In two causes of action, Appellant Erin Antonio Hoffman was indicted for intentionally or knowingly causing bodily injury (by using a deadly weapon) to Kendrick Brown and Rickey Fairchild. After a jury trial, Hoffman was convicted of the lesser offenses of reckless aggravated assault (with a deadly weapon) and was sentenced to four years for the assault on Brown and ten years for the assault on Fairchild. On appeal, Hoffman complains that the trial court erred in submitting the lesser offense to the jury. We will affirm.

### Background

An altercation between security guards and patrons took place at a restaurant and bar in Arlington in March 2022. Hoffman had been one of the patrons involved in the fight. Hoffman drove by the bar as he left its parking lot and fired a gun through the passenger window. Fairchild, a security guard, and Brown, the executive chef at the restaurant, were shot.

Brown spent two weeks in the hospital's intensive care unit. He suffered injuries to his gallbladder, liver, and pancreas. Fairchild was hit under his right armpit. He was treated at the hospital for an injury to his back muscle.

### The State's Request for a Lesser-Included-Offense Instruction

In his sole point, Hoffman complains that the trial court improperly submitted the lesser-included offenses of reckless assault to the jury. According to Hoffman, the State—as the party requesting the instructions—should be required to demonstrate

2

both prongs of the traditional test for inclusion of a lesser-included-offense instruction: (1) the offense in question is generally a lesser-included offense of the charged crime, and (2) the record contains some evidence that would permit a rational jury to find the defendant guilty only of the lesser-included offense. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981).

Our review begins with a determination of whether error exists in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If no error occurred, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

The parties do not dispute that aggravated assault committed recklessly is a lesser-included offense of intentional or knowing aggravated assault. *See Hicks v. State*, 372 S.W.3d 649, 658 (Tex. Crim. App. 2012); *see also Brackens v. State*, No. 02-17-00328-CR, 2019 WL 1179383, at *5 (Tex. App.—Fort Worth Mar. 14, 2019, no pet.) (mem. op., not designated for publication) (holding that elements of reckless assault causing bodily injury are included within proof establishing intentional or knowing assault causing bodily injury).

Hoffman focuses on the second prong of the *Royster-Rousseau* test—that is, whether the record contains some evidence that would permit the jury to convict him only of the lesser offense of reckless assault. But the State is the party that requested an instruction on reckless assault, and the State needs to satisfy only the first prong of

3

the test. *See Grey v. State*, 298 S.W.3d 644, 651 (Tex. Crim. App. 2009) (holding that the State may prosecute a lesser-included offense without notice and may do so without showing that a rational jury could find the defendant guilty of only the lesser offense); *see also Dean v. State*, No. 02-22-00322-CR, 2024 WL 637268, at *10 (Tex. App.—Fort Worth Feb. 15, 2024, pet. ref'd) (mem. op., not designated for publication) (characterizing *Grey* as articulating a "clear rule" that the State is not bound by second prong of *Royster-Rousseau* test).

Hoffman does not argue that the rule in *Grey* is inapplicable, and we see no reason not to apply it. Accordingly, we need not analyze whether there was evidence at trial that would allow the jury to convict Hoffman solely of reckless assault, and we hold that the trial court did not err in submitting the State's requested lesser-included-offense instruction. We therefore overrule Hoffman's sole point.

## Conclusion

Having overruled Hoffman's sole point, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 27, 2024